**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LARRY D. BEST, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:16-CV-311 RL |
| vs. | ) |
| | ) |
| NATHAN SPRINGER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the "Verified Civil Complaint and Jury Demand," filed by Larry D. Best, Jr., a *pro se* prisoner, on August 25, 2016. (DE #1.) For the reasons set forth below, the Court: (1) **DISMISSES** this complaint **WITHOUT PREJUDICE**; (2) **GRANTS** Larry D. Best, Jr. until **December 6, 2016**, to file an amended complaint; and (3) **CAUTIONS** Larry D. Best, Jr., that if he does not respond by that deadline, this case will be dismissed.

BACKGROUND

Here, Larry D. Best, Jr., was convicted of one count of dealing methamphetamine and one count of conspiracy to deal methamphetamine in the Jay Circuit Court. (DE #1 at 8.) Best alleges City of Portland Police Officers, Nathan Springer and Judson Wickey, withheld exculpatory evidence concerning another suspect who may have been guilty of the crime for which Best was convicted. This, Best claims, denied him due process during his

-1-

criminal trial. Best brings both state and federal claims against Officer Springer and Officer Wickey for their actions, and he also brings suit against the City of Portland, Indiana, as their employer.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest

that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). To state a constitutional claim, the plaintiff must allege: (1) that the defendant deprived him of a federal constitutional right; and (2) that the defendant acted under color of state or federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

As to his federal claims, Best alleges that he was denied due process during his trial because exculpatory evidence was withheld by police officers. This claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because it rests on a presumption that the charges against him are invalid. Best cannot pursue a claim for damages here unless and until the state criminal charges are terminated in his favor. *Id.* at 486-87; *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge."). Here, there is no indication from the complaint that Best's conviction has been vacated or otherwise invalidated. To the contrary, it is apparent that he is still incarcerated pursuant to that conviction. Unless his conviction is vacated or otherwise invalidated, he cannot seek damages for an alleged wrongful conviction or improper sentence.

Because Best has not yet stated a plausible federal claim, the court declines to exercise supplemental jurisdiction over his remaining state law claims at this time. 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). He may pursue those claims in state court, if he so chooses.

Based on this complaint, it would be implausible for the court to conclude that he was not now being held on this conviction. Thus, Best may not proceed in this court on his claims at this time. Nevertheless, if his conviction has been set aside somehow, he needs to file an amended complaint providing that additional information. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

CONCLUSION

For the reasons set forth above, the court: (1) **DISMISSES** this complaint **WITHOUT PREJUDICE**; (2) **GRANTS** Larry D. Best, Jr. until **December 6, 2016**, to file an amended complaint; and (3) **CAUTIONS** Larry D. Best, Jr., that if he does not respond by that deadline, this case will be dismissed.

**DATED: November 2, 2016**        /s/ RUDY LOZANO, Judge
                                   **United States District Court**